## Cox *v.* Plough et al.

PLEADING.—*Promissory Note to Trustee to Pay Partnership Debts.—Complaint.*—A member of a failing copartnership executed his promissory note for a certain sum, to A. and B., "trustees, for the use of" such copartnership, "in consideration that said trustees.will use the same · for  ※  the payments of the debts  ※  of said" copartnership.

*Held*, on demurrer, that a complaint on said note, by such trustees, against the maker, need not aver that the partnership debts have not been paid, nor that the proceeds of the note will be used to pay such debts, nor that the suit was brought to collect money for that purpose.

SAME.—*Answer of Recovery by Another.*—An answer that a sufficient amount of partnership property to pay such debts was in the hands of the trustees, but that they had failed to pay them, and that suit against the copartners had been brought by the partnership creditors, is insufficient.

From the Clinton Circuit Court.

*J. Claybaugh* and *B. K. Higginbotham*, for appellant.

*S. H. Doyal* and *P. W. Gard*, for appellees.

BIDDLE, J.—Complaint by the appellees, against the appellant, upon the following promissory note:

Cox v. Plough et al.

" $100.00. BERLIN, Clinton County, Sept. 2d, 1876.

" Four months after date, for value received, I promise to pay to the order of Isaac N. Plough, Jesse D. Raull, and C. W. Purdy, Trustees, for the use of the Berlin Co-operative Association or Co., the sum of one hundred dollars, in consideration that said Trustees will use the same for, and only for, the payment of the debts and liabilities of said Association or Co., collectible without relief from valuation or appraisement laws.          WALTER E. Cox."

With the note was also set out the partnership agreement between the members of the association. Demurrer to the complaint for the want of facts overruled.

Answer: 1. Denial. 2. Want of consideration. 3. Substantially as follows :

Admitting the execution of the note, and averring that the plaintiffs and others were partners doing business under the firm name of " The Berlin Co-operative Association;" that on the 2d day of September, 1876, said firm was largely indebted to divers persons, and owned a large amount of property, sufficient to discharge all the debts against said firm ; that the members of said firm appointed the plaintiffs trustees for the purpose of marshalling said assets and paying the indebtedness aforesaid ; that the plaintiff had not paid said indebtedness, but the same remains unpaid ; that, prior to the commencement of this suit, the creditors of said firm brought suit in the Tipton Circuit Court, against all the members of said firm, including this defendant, in which they seek to recover said indebtedness of said firm ; that said members are liable in said suit; that there are assets in the hands of said plaintiffs in notes and accounts of the firm, uncollected, sufficient in amount to pay all the indebtedness of said firm. Wherefore, etc.

The fourth paragraph of the answer is the same, legally, as the third, and essentially the same in its averments of fact. We do not, therefore, state it.

Separate demurrers to the third and fourth paragraphs of answer, for the want of facts, were sustained. On the other issues there was a trial by the court, finding for the appellees, and judgment on the finding.    Appeal.

The assignments of error here are:

1.    Overruling the demurrer to the complaint; and,

2.    Sustaining the demurrers to the third and fourth paragraphs of answer.

The objections urged against the complaint are, that it does not allege that the liabilities of the association had not been paid; that the plaintiffs would apply the proceeds of the note in suit to the payment of said liabilities; and that they brought this suit for the purpose of collecting the money to apply on said indebtedness, and for no other purpose.

We do not see the force of these objections. The appellant can not anticipate that the appellees will not properly apply the money when collected, and thus make a defence to defeat the note; and whatever significance the fact that the indebtedness of the association had been paid might have to defeat this suit, if any, it should be made matter of defence.    It was not necessary that the appellees should aver it in the complaint.    They need not aver that they would apply the proceeds to the payment of the debts of the association, for that is promised in the face of the note.

Nor do we see a valid defence in either the third or fourth paragraphs of answer.    The suit in the Tipton Circuit Court, if ever judgment had been rendered against the association, constitutes no defence to this note; for this note ought to contribute its share to the payment of the indebtedness of the association, as well as any other note or account due the association.    If such an answer were sufficient, every debtor to the association might plead a similar state of facts, and thus bar the association from collecting any of the debts due to itself for the purpose of paying its debts due to others.    Each of these paragraphs

destroys itself. The demurrers to them were well sustained.

The judgment is affirmed, at the costs of the appellant.